HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEO WARPALA,

        Plaintiff,

    v.

LONGVIEW FIBRE COMPANY,

        Defendant.

Case No. 05-5337 RBL

ORDER DENYING TEMPORARY RESTRAINING ORDER

    THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion for a Temporary Restraining Order [Dkt. #2].

    Having considered the entirety of the records and file herein, and having considered that plaintiff paid his filing fee on June 3, 2005 (entered on the docket June 9, 2005), the Court finds and rules as follows:

    On May 23, 2005, plaintiff submitted a complaint to this Court alleging that the defendant Longview Fibre Company violated his rights under the Americans with Disabilities Act by failing to accommodate his disability, creating a hostile work environment, and transferring him from his current shop to another shop outside of his chosen trade. On the same date, plaintiff also asked this Court to issue a Temporary Restraining Order precluding the defendant from transferring him to another shop within the company. Because plaintiff did not pay the required filing fee or request to proceed *in forma pauperis* when he submitted his complaint and motion, this Court issued an Order to Show Cause. Plaintiff timely responded to the Order to Show Cause and paid the filing fee on June 3, 2005 (entered on the docket June 9, 2005). Before the Court now is

ORDER
Page - 1

plaintiff's Motion for a Temporary Restraining Order.

For a Temporary Restraining Order to issue, plaintiff must show that "immediate and irreparable injury, loss, or damage will result to the applicant" absent the TRO. Fed.R.Civ.P. 65(b). Furthermore, to obtain a TRO without written or oral notice to the adverse party, the applicant must "certif[y] to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required." *Id*. Because the plaintiff has not certified to the Court that the motion was served on the defendant or that he has attempted orally to inform the defendant of the motion for a TRO, the motion will be denied. It is therefore,

ORDERED that Plaintiff's Motion for a Temporary Restraining Order [Dkt. #2] is **DENIED**.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 14th day of June, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE