UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEO WARPALA, <br><br>                     Plaintiff, <br><br>      v. <br><br> LONGVIEW FIBRE COMPANY, <br><br>                     Defendant. | Case No. C05-5337RBL <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

INTRODUCTION

This matter comes before the Court on defendant Longview Fibre's motion for summary judgment. Dkt. #23-1. For the reasons set forth below, the Court GRANTS defendant's motion.

BACKGROUND

Plaintiff Leo Warpala is a pipefitter with defendant Longview Fibre Company. On November 22, 1989, while working at the Longview Fibre mill, Mr. Warpala "jammed" his head, causing two herniated discs and one partially herniated disc in his neck. Exhibit B to Declaration of Laurel Solis, Deposition of Leo Warpala, Dkt. #24-1, at 11-12 ("Warpala Dep."). After he recovered from the injury, he obtained a doctor's note that allowed him to continue working as a pipefitter without wearing a hard hat. Warpala

ORDER
Page - 1

Dep. at 18-19.  In December of 1997, or thereabouts, OSHA and WISHA adopted new safety regulations that required hard hats in "area[s] of overhead or flying objects."  Warpala Dep. at 19.

Because Mr. Warpala could not do the work without being in violation of the OSHA and WISHA regulations, in 1998 he was transferred to the East Mill Pipe Shop in order to accommodate his disability. Warpala Dep. at 28.  He was then transferred to the Weld Fabrication Shop in 2000.  Warpala Dep. at 9-10.  His last transfer was to the Machine Shop on May 23, 2005.  Warpala Dep. at p. 8, 39; Declaration of Matt Gaston in Support of Defendant's Motion for Summary Judgment at ¶ 4 ("Gaston Decl.").  Mr. Warpala filed suit to require Longview Fibre to provide his preferred accommodation – that he be allowed to work as a pipefitter without being required to wear a hard hat.

## DISCUSSION

**I. Summary Judgment Standard**

Mr. Warpala has appeared pro se.  Courts in this circuit have long held that, particularly where a pro se petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se. . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")  The court is aware of and has applied this rule of liberality.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "The mere existence of a scintilla of evidence in support of

the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy*, 68 F.3d at 122.

## II. Procedural Defects in Warpala's Claim

The Americans with Disabilities Act ("ADA") incorporates the procedural requirements of Title VII. 42 U.S.C. §12117(a); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Claimants must exhaust their administrative remedies before filing suit in this Court by filing a complaint with the EEOC or appropriate state agency. 42 U.S.C. § 2000e-5(b). After the EEOC has completed its investigation and has issued notice of the right to sue, the complainant has 90 days to file a complaint with this Court. 42 U.S.C. § 2000e-5(f)(1).

Thus, a disabled plaintiff must file a claim with the EEOC or state equivalent, and allow an investigation to proceed prior to filing suit with the Court. *Sommatino v. United States*, 255 F.3d 704, 705 (9th Cir. 2001). While a failure to timely file an EEOC complaint is not a prerequisite to a Title VII claim, the Ninth Circuit has held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Sommatino*, 255 F.3d at 708 (emphasis in original). Further, "abandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review." *Sommatino*, 255 F.3d at 708.

Here, Mr. Warpala made no effort to file a claim with the EEOC prior to bringing an action against Longview Fibre. In fact, when asked in discovery whether he had filed a claim with the EEOC, he replied "Considering a [sic] EEOC complaint with evidence aquired [sic] with this lawsuite [sic]." Exhibit B to

ORDER
Page - 3

Declaration of Laurel Solis, Dkt. #24-1, at 62. Unfortunately, Mr. Warpala cannot cure this defect by filing a claim now with the EEOC. The most recent accommodation on which Mr. Warpala bases his lawsuit for failure to provide a reasonable accommodation is his transfer to the Machine Shop, which occurred on May 23, 2005, now more than a year ago. Warpala Dep. at 39. This is well outside the statute of limitations for filing a complaint with the Washington Human Rights Commission, which is 300 days, let alone filing a complaint with the EEOC, which is 180 days. 42 U.S.C. §2000e-5(e)(1). Therefore, the Court lacks jurisdiction over Mr. Warpala's claim and defendant Longview Fibre's motion for summary judgment must be GRANTED.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED. Plaintiff's claims are DISMISSED.

DATED this 1st day of December, 2006.

/s/ Ronald B. Leighton
_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE